## STATE v. BROWN.

Decision in *State* v. *George*, 8 Rob. 535, as to when the formation of an opinion as to the guilt of a prisoner will disqualify a juror, affirmed.

It being material, in the interest of justice, that the motives and prejudices, as well as the means of knowledge, of a witness, should be laid before a jury, great latitude is allowed in his cross-examination. But this latitude is necessarily, to a certain extent, confided to the discretion of the judge of the first instance.

To enable an appellate court to determine whether a decision, of the judge of the first instance be within the legal discretion vested in him, all the facts material to the decision must appear from the bill of exceptions.

A jury will not be authorised to infer the existence of any bias or prejudice on the part of a witness against a prisoner, from the fact that the witness, though not an officer of the peace, and without any warrant, and not summoned by any officer to aid in arresting the prisoner, had taken great pains to do so.

APPEAL from the District Court of Rapides, *Cushman*, J.
*Isaacks*, district attorney, for the State.

*Ryan, A. N. Ogden* and *Hyams*, for the appellant, cited *Lithgow* v. *Commonwealth*, 2 Va. Cases, 297, quoted in 2 U. S. Dig. *verbo* Juror, no. 114. Bacon's Abridg. *verbo* Juries, 258. 1 Burr's Trial, 371 to 420. *People* v. *Mather*, 4 Wend. 245. *Ex parte Vermilyea*, 6 Cowen, 555. *People* v. *Jewel*, 3 Wend, 314. *United States* v. *Wilcox*, 1 Bald. 78. *Queensbury* v. *State*, 1 Stew. and P. 308. *Commonwealth* v. *Knap*, 9 Pick. 496. *Boardman* v. *Wood*, 3 Vermont, 570. *Laverty* v. *Gray*, 3 Mart. 620.

The judgment of the court, on the first bill of exceptions, was pronounced by

KING, J. The defendant was convicted of manslaughter, and, after sentence, appealed. The questions which arise are presented in two bills of exception taken to opinions of the judge on the trial. The first is to the refusal of the judge to permit the prisoner to challenge four jurors for cause. The statements of the jurors on their *voir dire* examinations were reduced to writing, and have been appended to the bill of exceptions. Their statements are as follows :

" *James R. Andrews* sworn : On being asked if he had formed and expressed an opinion in relation to the guilt or innocence of the accused, says that, he has from what he has heard. On being interrogated by the court, he says that his opinion is not such as to bias his mind, should the evidence which may be adduced on the trial be different from what he has heard in relation to the matter. He never heard the witnesses speak on the subject.

" *M. Layssard* sworn : On being asked by the counsel for the accused, if he had formed and expressed an opinion in relation to the guilt or innocence of the accused, says that, from report he believes he has. On being questioned by the court, he states that the opinion he has formed is not so fixed that it could not be changed by the evidence which may be adduced on the trial, should it be different from what he has heard ; thinks he could do justice between the State and the accused ; his opinion is not so deliberately formed as to resist impressions which may be made by the evidence.

" *John B. Calland* sworn : On being asked by the counsel for the prisoner, if he had formed and expressed an opinion in relation to the guilt or innocence of

STATE
v.
BROWN.

the accused, says that he has, from rumor. On being questioned by the court, he states that his opinion is not .so deliberately formed as to resist impressions which may be made by the evidence ; should endeavor to do justice between the State and the accused, if sworn upon the case ; that his mind is open to receive any impressions which the evidence, should it be different from what he has heard in the matter, may disclose.

" *R. Winfield* sworn : On being asked if he had formed and expressed an opinion in relation to the guilt or innocence· of the accused, says that he has from what he first heard of the case. On being interrogated by the court he says that, he has heard several speak of the matter ; does not know if they are witnesses or not ; his opinion is not so fixed but that it might be changed from the evidence. Thinks that, if sworn upon the case, he could do justice between the State and the accused. Has no prejudice upon his mind."

The judge held these jurors to be competent. The two first were challenged peremptorily by the prisoner, and the two last were sworn as jurors, and sat on the trial. The counsel for the accused contend that, the jurors were not such as the law deems impartial, and rely mainly on the cases of *The People* v. *Mather*, 4 Wend. 245. *Ex parte Vermilyea*, 6 Cowen, 555. The same case, 7 Cowen, 108. *Laverty* v. *Gray*, 3 An. 620.

The point is one which has been so frequently raised and decided, that it must in a great measure depend upon the authority of adjudicated cases. In England, the objections now urged to the jurors would not have been sustained. Hawkins, b. 2, chap. 42, sec, 28, says that : " It hath been adjudged a good cause of challenge on the part of the prisoner, that the juror hath declared his opinion before hand that, the party is guilty, or will be hanged, or the like; yet it hath been adjudged that, if it shall appear that the juror made such declaration from his knowledge of the cause, and not out of any ill will to the party, it is no cause of challenge." This was recognized to be law in the case of *The King* v. *Edwards*, 4 Barn. & Ald. 470, and is laid down as a primary rule by Chitty in his work on criminal law, 1 vol. 542. In the elaborate opinion pronounced in the case of *The ·People* v. *Vermilyea*, 7 Cowen, 121, the correctness of the rule as stated in those· authorities, was questioned.

It is not to be denied that, upon this, as upon almost every other point of criminal jurisprudence; there have been conflicting decisions in the different States of this Union. But, as far as we have been able to extend our inquiries with the limited means at our command, the great preponderance of authority is in favor of the rule that, when the opinion of the juror, in favor of or against the prisoner, has been formed on· mere rumors or reports, such an opinion does not disqualify him, if his mind has' been kept free from bias or prejudice, or has received only such impressions as may be removed by evidence. But, where· a deliberate opinion has been formed, the· jurors have, in most cases, been excluded. This is substantially the rule laid down by Chief Justice Marshall in Burr's Trial, vol. I, 416, and adopted by the late Court of Errors and Appeals in the· case of the *State* v. *George*, 8 Rob. 537. The courts of several. of the States have gone much further.

The·american decisions upon this· point have been collected in Wharton's American Criminal Law, 605, *et seq.* We have been unable to refer to the adjudicated cases from which the author has extracted the principles laid down in his work ; but his general accuracy authorizes us to rely on their correctness.

In Virginia, where the strictness of the common law is said to be most rigidly enforced in crimiminal proceedings, a juror who, on his *voir dire*, said

that, " he had expressed an opinion on the circumstances as he had heard them narrated in the country, but he had not heard any of the evidence given on the examination of the prisoner, nor conversed with any of the witnesses or parties, and he did not think the opinion so formed would have any influence on his mind in trying the case," was held to be an indifferent juror. In another case, the juror "had heard reports concerning the case in the country, and a statement of the circumstances from one of the witnesses, and had formed a hypothetical opinion, but he believed it would not influence his mind as a juror; he believed the account he had heard of the case at the time he heard it, (and he did not now express any doubt of its truth); if the evidence on the trial should correspond with the account he had heard, his former opinion would remain; but if it should be different, he felt satisfied he should be able to decide the cause without being influenced by what he had before heard, and without prejudice." He was held to be an impartial juror. Other cases are cited, but these are sufficient to illustrate the rule as it prevails in that State.

In the States of North Carolina, Mississippi, Tennessee, Indiana, and Illinois, substantially the same rule obtains. See Wharton's Am. C. Law, 605 *et seq.*, and the authorities there referred to.

In Massachusetts the law appears to have been otherwise settled; and it is contended that, in New York, the rule is, that the juror will be excluded if he has formed an opinion upon mere rumor. The decisions of that State to which we have been referred, are conflicting. In the case of *Von Alstyne*, as we find it stated in *Ex Parte Vermilyea*, 6 Cowen, 565, Chief Justice Spencer said: "If a person had formed or expressed an opinion for or against the prisoner on a knowledge of any of the facts attending the murder, or from information of those acquainted with the facts, he considered it a good cause of challenge; but if the opinions of the jurors were formed on mere rumors and reports, he decided that such opinions did not disqualify the jurors." See also the case of *Durell* v. *Masher*, 8 Johns, 445.

The case *Ex Parte Vermilyea*, 6 Cowen, 555, and same case, 7 Cowen, 121, does not, in our opinion, sustain the position assumed by the defence. The juror there declared that he heard all the evidence given on the former trial, having been present at it; that he had made up his opinion perfectly, on the evidence, that the defendants were all guilty, and had frequently expressed his opinion to that effect. That, if the testimony given on this trial should appear as it did on the former, he should certainly find the defendants all guilty." This juror was held to be incompetent, and, we think, correctly.

The case of *The People* v. *Mather*, 4 Wend. 245, is the only one from that State, to which we have been referred, which supports the ground assumed by the prisoner's counsel.

In this conflict of authority we adhere to the rule adopted in the case of *The State* v. *George*, 8 Rob. 537, which, in our opinion, denies to the prisoner no right accorded to him by law.

The judgment of the court on the second bill of exceptions was pronounced by

EUSTIS, C. J. Another bill of exceptions was taken by the counsel for the prisoner on the trial of the cause. It is to this effect: Be it remembered that, on the trial of the cause, when one of the witnesses on the part of the State was under cross-examination, the defendant's counsel proposed to show by the same witness, that he had taken great pains to arrest the said defendant, and had

STATE
v.
BROWN.

gone into the country in pursuit of him, he having no warrant or authority to arrest him, and not being a peace officer, and not having been called upon by any such officer to aid in arresting the prisoner. The object and purpose of which evidence was, to show a bias and prejudice on the part of the witness against the accused; and so announced by counsel. But the court refused to permit the questions to be asked the witness, to which refusal the counsel for the defendant excepted, &c.

It being material, in the interest of justice, that the motives and prejudices, as well as the means of knowledge, of a witness, should be laid before the jury, great latitude of interrogation is allowed in the cross-examination. But this latitude is necessarily, to a certain extent, confided to the discretion of the judge who sits at the trial. The protection of the witness, and the discipline of the court, necessarily vest this power in the judge under whose supervision the proceedings are conducted.

It is well settled in courts of common law, that error will not lie upon what is matter of discretion in a court; and it follows that, in order to enable a court of appeal to determine whether a decision of a judge of the first instance is, or not, within the legal discretion vested in him, all the facts which are material to the decision must be presented, in order to enable the appellate court to determine on the legality of the decision on which its judgment is sought.

In this respect the bill of exceptions under consideration is totally defective. It does not state what the witness had testified to, and gives no account of his principal examination, nor of the cross-examination, nor at what stage of the latter, nor what had already been proved at the time when the questions stated in the bill of exceptions were submitted.

Nor are we prepared to say that, had the witness answered them affirmatively, the jury would have been justified in inferring from the acts a bias and prejudice, on the part of the witness against the prisoner. By the common law, private persons are enjoined to arrest an offender when present at the time a felony is committed, and when not present they may arrest a person on reasonable and probable grounds of suspicion, The witness may have been present when the homicide, charged in the indictment as murder, was committed; and his taking great pains in the discharge of his duty as a citizen ought to subject him in law to no charge of bias or prejudice against the prisoner. A jury would not be authorized in inferring the existence of either under such circumstances. Had the witness answered the questions in the negative, the prisoner could not have contradicted him by other evidence, for the facts which the questions sought to bring out were collateral and irrelevant to the issue. 1 Greenleaf on Evidence, 449.

We think, therefore, that this bill of exceptions presents no error of law, upon which the judgment of the District Court can be reversed.

*Judgment affirmed.*