STATE
*v.*
BENJAMIN.

---

## CONSOLIDATED BANK *v.* NOLAN STEWART.

The fact that the certificate of a notice of protest follows immediately the protest, so as to appear to be a part of the same instrument, does not invalidate the certificate.

APPEAL from the District Court of West Baton Rouge, *Burk,* J.  *C. A. Johnson,* for plaintiff.  *J. M. Elam,* for defendant.  The judgment of the court *(Rost,* J., having declined sitting in the case,) was pronounced by

CONSOLIDATED
BANK.
v.
STEWART.

SLIDELL, J. The defendant resists the payment of two promissory notes, endorsed by the testator, upon the alleged ground of want of legal notice of protest. There was judgment against him, and he has appealed. A certified copy of the protest and of the certificate of notice were offered in evidence. The certificate appears to be a continuation of the act of protest, and to have been made in conformity with the act of 1847, which authorizes notaries, in their protests of bills of exchange and promissory notes, to make mention of the demand made upon the drawer, &c.; and of the manner and circumstances of such demand, "and by certificates added to such protest, to state the manner in which any notices of protest to drawers, endorsers, or other persons interested, were served or forwarded; and whenever they shall have so done, a certified copy of such protest and certificate shall be evidence of all the matters therein stated." The copy of the protest and the copy of the notice, seems to be given by the notary upon one sheet, as far as we are enabled to judge from the transcript. The certificate thus following the protest, (which embodies a copy of the note,) is in these words: "and again, on the same day of same month, notice of this protest was given to the endorser on said note, by three separate letters to that purpose, addressed to him at 'Baton Rouge,' 'West Baton Rouge,' and 'East Baton Rouge,' and delivered by me, notary, at the post office in this city." It is signed by the same notary and witnesses who sign the protest. Thus, as is correctly argued by the appellee, the protest and certificate appears to be part of a continuous record, having one date, which is set forth in the opening of the instrument.

The time mentioned in the certificate may be fairly interpreted as applying both to the writing and mailing, which are spoken of conjunctively. The certificate in this case differs from the certificate in *Menard* v. *Winthrop*, 2d Ann. 333, which was without a specific date, and was not connected, as in this case, with the antecedent annunciation of the protest.

Judgment affirmed, with costs.