(59 South. 981.)

No. 19,568.

STATE v. LATHAM.

(Nov. 18, 1912.)·

*(Syllabus by the Court.)*

CRIMINAL LAW (§ 683*)—WITNESSES (§ 268*)—CROSS-EXAMINATION—REBUTTAL.

Where defendant is charged with breaking and entering a dwelling in the nighttime, armed with a dangerous weapon, with intent to commit murder and with an assault upon, by actual shooting of, an inmate of the house, and endeavors to establish an alibi, a witness who has testified, in chief, to his presence at another place at the time the alleged offense was committed, may properly be cross-examined as to his (defendant's) whereabouts during the day preceding that time; the latitude to be allowed in such cases being largely within the discretion of the trial judge. And, where in such case defendant has introduced testimony to show his whereabouts during the day preceding the night when the offense was committed, the state may introduce rebutting evidence on that point.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1615–1617; Dec. Dig. § 683;* Witnesses, Cent. Dig. §§ 931–948; Dec. Dig. § 268.*]

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; Robert S. Ellis, Judge.

Will Latham was convicted of burglary in the nighttime and shooting with intent to kill, and appeals. Affirmed.

W. B. Kemp and Matthew J. Allen, both of Amite City, for appellant. R. G. Pleasant, Atty. Gen., W. H. McClendon, Dist. Atty., of Amite City (G. A. Gondran, of Donaldsonville, of counsel), for the State.

MONROE, J. The indictment charges that defendant—

"with felonious intent to kill and murder, and being armed with a dangerous weapon, to wit, a shotgun, did in the nighttime willfully, maliciously, and feloniously break and enter the dwelling house (same being used as a hotel and lodging house) of James R. Gamble, several persons, with Mary Doyle, being lawfully therein, and feloniously make an assault upon Mary Doyle, and did shoot and wound the said Mary Doyle," etc.

And he was found guilty as charged without capital punishment, and sentenced to imprisonment at hard labor for life.

He relies in this court on certain bills of exceptions to the overruling of his objections to testimony, elicited on cross-examination from Leonard Latham, his brother, as to his (defendant's) whereabouts during the day preceding the night upon which the offense is alleged to have been committed, and to similar testimony elicited from Edward Bankston, a state witness, in rebuttal; the grounds of his objection being that the cross-examination of Edward Latham was not germane to the examination in chief, and that the testimony of Bankston was not in rebuttal anything that had been testified to by the witnesses for the defense.

From the recitals of the bills, the note of evidence, and the statement per curiam, we infer that the offense charged was committed between 7 and 9 o'clock in the evening, and that defendant had endeavored to establish an alibi, by the testimony of his father, brother, and other witnesses, to the effect that he was at home at that time and had been at home all day. The testimony objected to was therefore properly admitted. Even though, however, Leonard Latham had been examined in chief only as to the whereabouts of defendant at the time of the shooting, it was competent for the state, with a view of testing his credibility, to cross-examine him as to his knowledge of defendant's whereabouts during the day and night before and after that time; the latitude to be allowed in such cases being largely within the discretion of the trial judge. State v. McFarlain, 42 La. Ann. 803, 8 South. 600; State v. Feazell, 116 La. 264, 40 South. 698; State v. Brown, 4 La. Ann. 505; State v. Benjamin, 7 La. Ann. 49; State v. Haab, 105 La. 230, 29 South. 725; State v. Bouvy, 124 La. 1063, 50 South. 849.

Judgment affirmed.